## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| AMRO ELANSARI. | : |
| Plaintiff, | : CIVIL ACTION |
|  | : CASE NO. 2:21-cv-05325-JHS |
| vs. | : |
| META, INC. d/b/a FACEBOOK, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

Defendant Meta Platforms, Inc., incorrectly named as Meta, Inc. d/b/a Facebook ("Defendant"), by and through its undersigned counsel, submits the following response to Plaintiff's Request for Entry of Default.

1.   Admitted.  It is admitted that, on December 23, 2021, following an email from the undersigned that he could accept service, Plaintiff Amro Elansari e-mailed to the undersigned a copy of a Complaint and related documents which had been filed with the Court almost one month earlier, on November 30, 2021 (Doc. #1).  Plaintiff did not make or attempt formal service of the Summons and Complaint on the undersigned.

Concurrent with its acceptance of the November 30, 2021 Complaint, the Court provided Plaintiff a Summons and Pro Se Guidelines (Doc. #3).  Those guidelines advised him that he was "responsible for serving the defendants in this case in the manner and time described in Federal Rule of Civil Procedure 4."

Plaintiff did not make any effort to serve Defendant in the weeks following his November 30 filing.  Instead, on December 15, 2021, Plaintiff filed an Ex Parte Emergency Motion seeking injunctive relief.

On December 21, 2021, the Honorable Joel H. Slomsky denied Plaintiff's Ex Parte Petition for Preliminary Injunctive Relief.  In that opinion Judge Slomsky noted that "[w]hile a summons was issued to Defendant in connection with Plaintiff's Complaint, there is nothing in the record indicating that Defendant was put on notice… ."  (Doc. #8).

Thereafter, on December 23, 2021, Plaintiff finally provided case documents to the undersigned counsel via e-mail.  In Plaintiff's e-mail of December 23, 2021, no explanation was provided as to why service was not attempted after receiving the Summons on November 30, 2021.

2. Admitted.

3. Admitted, only that Plaintiff e-mailed the case documents to the undersigned counsel more than 21 days before Plaintiff filed this Request.  Defendant denies that an entry of default is warranted because Plaintiff has not complied with Rule 4(h) of the Federal Rules of Civil Procedure, which sets the requirements for serving a corporation.

4. It is denied that Plaintiff is entitled to entry of default judgment in this matter.  Defendant's counsel informed Plaintiff that his office was authorized to accept service on December 23, 2021.  Service of original process in this matter is controlled by Federal Rule of Civil Procedure 4, as Plaintiff was advised by the Court in the Pro Se Guidelines (Doc. #3).  Plaintiff did not properly serve the Complaint and Summons in this case pursuant to Rule 4(h).

Instead, Plaintiff emailed the case documents to counsel.  Plaintiff did not request waiver of service pursuant to the requirements of Rule 4(d).  The Proof of Service filed by Plaintiff (Doc

# 11-1) incorrectly attests that the Summons issued on December 18, 2021 and that he served it on the undersigned counsel on December 23, 2021.

Despite Plaintiff's failure to comply with the requirements of Rule 4, Defendant acknowledges its duty under Rule 4(d) to avoid the unnecessary expense of serving the summons. As such, Defendant views Plaintiff's December 23, 2021 e-mail to counsel as a request for waiver of service. Where a defendant agrees to waive the formalities of serving the summons, Rule 4(d)(3) sets the deadline for responsive pleading as 60 days from the date of the request. Therefore, Defendant's responsive pleading would be due by February 21, 2022. Defendant intends to submit a responsive answer or a motion under Rule 12 on or before February 21, 2022.

On January 26, 2022, Plaintiff filed a Motion for Default Judgment (Doc #13). Because Plaintiff is not entitled to an entry of default, Plaintiff's Motion for Default Judgment is moot.

WHEREFORE, Plaintiff's request for entry of default and motion for default judgement should be denied.

GREEN, SILVERSTEIN & GROFF, LLC

Dated: January 28, 2022    By:    /s/ Michael A. Green
Michael A. Green
Joshua D. Groff
215 South Broad Street, Suite 500
Philadelphia, PA 19107
Telephone: (215) 972-5520
Email: mgreen@gsglawfirm.com
Email: jgroff@gsglawfirm.com

## **CERTIFICATE OF SERVICE**

I, Michael A. Green, certify that I caused a true and correct copy of the foregoing Defendant's Response to Plaintiff's Request for Entry of Default to be served via regular mail upon the following:

Amro Elansari<br>
130 Justin Drive<br>
West Chester, PA 19382

                                                 /s/ Michael A. Green
                                                 Michael A. Green

Dated: January 28, 2022